## THE STATE *versus* INHABITANTS OF MILO.

In an indictment against a town, for not maintaining a bridge upon one of its highways, it is not necessary to allege that the highway had been opened for travel; or that the time allowed for opening it had expired; or that it was practicable or necessary to build the bridge; or that the safety and convenience of travelers required the bridge.

INDICTMENT, found at the March term of the District Court, 1847. It alleges that, in Milo, there was a public road or common highway, leading across Pleasant river at Snow's ferry; and that, from November, 1846, there had not been, across said river at said ferry, any bridge upon which the citizens could pass without danger to their lives, limbs and goods, contrary to the form of the statute; "and that said defendants, the highway aforesaid, so as aforesaid being dangerous to pass and repass, by reason of there being no bridge across the river aforesaid, are obliged by law to build and construct a bridge, when and so often as it should or shall be necessary for the safety and convenience of travelers."

After conviction, defendants moved in arrest of judgment, for the following causes : —

1. It is not averred, in the indictment, that the road had

State *v.* Milo.

been opened for travel, or that the time allowed for opening it had expired.

2. It is not averred that it was practicable to build a bridge at the place aforesaid.

3. It is not affirmatively alleged that it was the defendants' duty to build a bridge there. The duty, if it be one, is left merely to inference.

4. It is not averred that, prior to the finding of the indictment, there was any obligation to build such bridge.

5. It is not averred that a bridge there was necessary, or that the safety and convenience of travelers required it.

The District Court, HATHAWAY, J., presiding, overruled the motion, and the defendants excepted.

*Blake*, for defendants.

The indictment is fatally defective. Archbold's Crim. Plead. 643.

Some indispensable allegations are wanting; viz. *that* it was the defendants' duty to keep the road in repair ; *that* it was out of repair ; *that* they refused to repair it, contrary to the form of the statute ; *that* the building of the bridge was practicable, and *that* a bridge was necessary.

Before rendering judgment against the defendants, the court must conjecture the bridge to be necessary, and the maintaining of it practicable, thus invading the province of the selectmen and of the town.

The place, at which the duty was to be performed, is not sufficiently set forth.

*Robinson*, County Attorney, for the State.

SHEPLEY, C. J., orally. — The allegation that there was no bridge, upon which the citizens could pass, without danger to their lives, limbs and property, quite sufficiently sets forth the defect.

The practicability or the necessity of the bridge, need not be-proved or averred in this prosecution. They are both included in the adjudication made by another and a competent tribunal.

State *v.* Milo.

The liability of the town to build the bridge, is sufficiently averred. It is a part of the highway. The second use of the word "bridge," may be deemed surplusage.

The defendants, if they were bound, on the day of finding the indictment, to repair, must also have been under a previous obligation to do it.

By keeping in view both parts of the description in the indictment, the place of the bridge cannot have been misunderstood.                    *Exceptions overruled.*